ORDER
In 1999, Joseph Palmer and 21 other defendants were charged in count one of a superseding indictment with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack). After a trial in 2000, a jury found Palmer guilty as charged. He was sentenced to a term of 240 months. Palmer appealed and we affirmed his conviction and sentence. United States v. Dumes, 313 F.3d 372 (7th Cir.2002).
On May 14, 2008, Palmer filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was denied and Palmer appeals.
Palmer’s 2008 pro se motion sought a reduction of his sentence based upon Amendment 706 to the crack cocaine sentencing guidelines. In his motion, Palmer asserted that he is entitled to a sentence reduction pursuant to the amendment, which generally reduced the sentencing guidelines offense level by two. Palmer also asserted that he is entitled to resentencing and consideration of his postsentencing rehabilitation. Without requiring *995 a response from the government, the district court denied Palmer’s motion, stating: “[T]he Court has considered the relevant factors in U.S.S.G. § lB1.10(b) and 18 U.S.C. § 3553(a) and determined a sentence reduction is not appropriate.”
We conclude that the district court did not abuse its discretion in denying Palmer’s motion because his amended guideline range (324 to 405 months; his old range was 360 to life) continues to far exceed the 240 month (statutory maximum) sentence he received. Neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), nor United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), affect Palmer’s sentence because he was sentenced under a statute that did not require a specific quantity of drugs to be proven to a jury.
Accordingly, the order of the district court is AFFIRMED.